IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA                : | |
| v.                                                              : | **Criminal No. 01-156-01** |
| EDWARD M. MEZVINSKY               : | |

**O R D E R**

AND NOW, this _____ day of _____, 2011, upon consideration of the government's motion pursuant to 18 U.S.C. § 3664(j)(1) requesting the Court to enter an Order to substitute the Pennsylvania Lawyers Fund for Client Security for the interests of Morton and Ronnie J. Tener and Jason Theodosakis, M.D. as restitution payees in the above-captioned case, for cause shown, the Court concludes that the motion should be granted, and, therefore, it is hereby

ORDERED that the Motion of United States of America to Substitute Restitution Victims is GRANTED; and it is further

ORDERED that the criminal judgment entered in this case on January 13, 2003 is amended only to the extent to substitute the Pennsylvania Lawyers Fund for Client Security for the interests of Morton and Ronnie J. Tener and Jason Theodosakis, M.D. as restitution payees in the total amount of $225,000; and it is further

ORDERED that the Clerk of Court shall amend and revise the list of restitution victims for this case accordingly to include the Pennsylvania Lawyers Fund for Client Security as a restitution payee only in the amount of $225,000, which is to be paid only after all other restitution victims listed on the criminal judgment have received payment in full.  The Clerk of

Court also shall revise its payment records to reflect the $75,000 payment received by each victim, Morton and Ronnie J. Tener and Jason Theodosakis, M.D.; and it is further

ORDERED that, as provided under 18 U.S.C. § 3664(j)(1), all individual restitution victims who are listed on the criminal judgment entered in this case shall be paid in full before the Pennsylvania Lawyers Fund for Client Security receives any restitution payment authorized by this Order.

_____
**HONORABLE STEWART DALZELL**
**United States District Judge**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | Criminal No.01-156-01 |
| **EDWARD M. MEZVINSKY** | : | |

### MOTION OF UNITED STATES OF AMERICA
### TO SUBSTITUTE RESTITUTION VICTIM

The United States of America, by its attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Joseph F. Minni, Assistant United States Attorney, pursuant to 18 U.S.C. § 3664(j)(1), requests this Court to enter an order substituting the interest of the Pennsylvania Lawyers Fund for Client Security for the interests of Morton and Ronnie J. Tener and Jason Theodosakis, M.D. as restitution victim listed on the criminal judgment entered in the above-captioned case.

WHEREFORE, for the reasons set forth in the attached memorandum of law, the United States requests that this Court grant its motion.

                                              Respectfully submitted,

                                              ZANE DAVID MEMEGER
                                              United States Attorney

                                              */s/ Joseph F. Minni*
                                              JOSEPH F. MINNI
                                              Assistant United States Attorney

Date: October 4, 2011.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. 01-156-01 |
| EDWARD M. MEZVINSKY | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF UNITED STATES OF AMERICA
TO SUBSTITUTE RESTITUTION VICTIM**

The United States of America, by its attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Joseph F. Minni, Assistant United States Attorney, submits this memorandum of law in support of its Motion to substitute restitution victim filed in the above-captioned case.

**I.   BACKGROUND**

The defendant, Edward M. Mezvinsky, pleaded guilty to various counts of fraud, false statements, filing a false tax return and structuring currency transactions.  On January 13, 2003, this Court sentenced the defendant and, among other things, ordered him to pay $9,399,354.47 in restitution to numerous victims.  The names of these victims are listed on the criminal judgment entered in this case and filed with this Court.

The government recently was informed that three victims in this case, Morton and Ronnie J. Tener and Jason Theodosakis, M.D. (the "Partially Compensated Victims"), filed claims with the Pennsylvania Lawyers Fund for Client Security (the "Fund") in relation to their losses in this matter.  The government also was informed that the Fund approved these claims and paid each of these victims $75,000.  As a result, the Fund paid a total of $225,000 on

account of claims relating to the defendant's conduct resulting in his conviction in this case. The government now requests this Court to enter an Order to substitute and include the Fund as a restitution payee for compensation paid to victims in this case.

## II.  LEGAL ARGUMENT

The Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, *et seq.* ("MVRA"), applies to this case as sentencing occurred after April 24, 1996, the effective date of the statute. Among other things, the MVRA provides that when a restitution victim receives compensation from other sources, such as insurance, etc., those other sources, in turn, should be repaid by the defendant, once all other victims receive full payment. 18 U.S.C. § 3664(j)(1). Specifically, the statute provides:

> If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation.

18 U.S.C.§ 3664(j)(1).

Here, the Fund has paid a total of $225,000 to three victims in this case relating to their losses sustained from the defendant's crimes. Under Section 3664(j)(1), the Fund now is entitled to compensation as a restitution payee for this payment. However, the Fund is not entitled to receive payment until all other victims in this case receive full payment. *Id.*

In *United States v. Romine*, 37 Fed.Appx. 583 (3d Cir. 2002), a non-precedential opinion, the Third Circuit illustrated the application of 18 U.S.C. § 3664(j)(1). In *Romine*, the Third Circuit applied the language of section 3664(j)(1) and affirmed the District Court's order

that restitution be paid to two companies who compensated the victims in that case. The Court found the two companies who paid the victims for their losses were "substitute victims" under the MVRA and entitled to restitution within the meaning of section 3664(j)(1). *Romine,* 37 Fed. Appx. at 584. Similarly, the Fund, having paid the victims in this case $225,000, is also a substitute victim under Section 3664(j)(1), and, therefore is entitled to restitution to the extent of its payment. However, the Clerk of Court is not required to disburse restitution to the Fund until each victim has been fully satisfied.

### III.    CONCLUSION

For the reasons explained above, the government requests that this Court grant its motion.

> Respectfully submitted,
>
> ZANE DAVID MEMEGER
> United States Attorney
>
>  */s/ Joseph F. Minni*
> JOSEPH F. MINNI
> Assistant United States Attorney

Date: October 4, 2011.

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on this date, I caused a true and correct copy of the MOTION OF UNITED STATES AMERICA TO SUBSTITUTE RESTITUTION VICTIM to be filed electronically (and is available for viewing and downloading from the ECF system) and served by first class mail, postage prepaid, addressed as follows:

> EDWARD M. MEZVINSKY
> (REDACTED PURSUANT TO F.R.Crim.P. 49.1)
> Merion Station, PA

> */s/ Joseph F. Minni*
> JOSEPH F. MINNI
> Assistant United States Attorney

Date: October 4, 2011.